UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| STEPHEN W. MULLICAN, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:16-CV-567-TAV |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Stephen W. Mullican's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and the United States' motion to deny and dismiss the same. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1] in this matter. The stay of this case will be lifted, and the United States' motion to deny the petition and dismiss this action will be granted.

## I. RELEVANT BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2004, Mullican pleaded guilty to armed bank robbery and was sentenced as a career offender to 235 months' imprisonment [*See* Docs. 16-19 in No. 3:03-CR-134]. He

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

later unsuccessfully sought relief under § 2255 [Docs. 23 and 24 in No. 3:03-CR-134]. In 2016, the Sixth Circuit authorized Mullican to file a successive motion under § 2255 to contest his career-offender classification in light of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which invalidated the so-called residual clause of the Armed Career Criminal Act as unconstitutionally vague [*See* Doc. 37 in No. 3:03-CR-134]. The Sixth Circuit also directed this Court to hold the motion in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which would resolve whether *Johnson*'s reasoning applied to the United States Sentencing Guidelines ("Guidelines"), and if so, whether such application would be retroactive to cases on collateral review.

In 2017, the Supreme Court decided *Beckles*, holding that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles*, 137 S. Ct. at 895. Based on *Beckles*, the United States filed a motion to deny Mullican's § 2255 motion and dismiss this action with prejudice [Doc. 4].

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal

errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

Mullican argues that the *Beckles*' holding does not foreclose his claim, as he was sentenced pre-*Booker*, under the mandatory Guidelines. *See United States v. Booker*, 543 U.S. 220, 245 (2005) (rendering Guidelines advisory). However, in *Raybon v. United States*, the Sixth Circuit determined that *Johnson* did not recognize a "right not to be sentenced as [a] career offender[] under the residual clause of the mandatory Sentencing Guidelines." *Raybon v. United States*, 867 F.3d 625, 631 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 2661 (2018); *see also Chambers v. United States*, No. 18-3298, 2019 WL 852295, at *1 (6th Cir. Feb. 21, 2019) ("*Johnson*'s holding does not extend to those sentenced under the Guidelines' residual clause in the pre-*Booker* era."). Accordingly, Mullican has not satisfied his burden to establish a basis for § 2255 relief.

Even if this motion had merit, it as not timely. Mullican did not file the instant motion until 2016, over a decade after his 2004 conviction. Therefore, Mullican did not file it within one year of the date his conviction became final, as required to comply with § 2255's one-year statute of limitations. 28 U.S.C. § 2255(f)(1). Neither *Johnson* nor *Beckles* provides an alternative "trigger" date for starting the applicable limitations period. *See, e.g.,* 28 U.S.C. § 2255(f)(3) (providing one-year limitation period runs from the date on which the Supreme Court initially recognized the asserted right and made it retroactively applicable to cases on collateral review); *Chambers*, 2019 WL 852295, at *3 (noting

3

*Johnson*'s application to mandatory Guidelines is "an open question" rather than a right newly recognized by the Supreme Court). Accordingly, that the instant § 2255 motion is untimely serves as an alternative basis for dismissal.

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Mullican must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

Moreover, The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be frivolous. Fed. R. App. 24. Therefore, Petitioner will be

**DENIED** leave to proceed *in forma pauperis* on appeal, should he file for one. Fed. R. App. P. 24.

## V. CONCLUSION

For the reasons set forth above, the stay of these proceedings will be **LIFTED**, the United States' motion to deny Mullican's § 2255 motion and dismiss this action [Doc. 4] will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**. A COA from the denial of this § 2255 motion will be **DENIED**.

**An appropriate Order will enter.**

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE